UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BANKS,

  Petitioner,

              CASE NO. 2:07-CV-12821
v.              JUDGE AVERN COHN
                MAGISTRATE JUDGE PAUL KOMIVES

NICK J. LUDWICK,

  Respondent.[1]
            /

**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS (docket #9) AND PETITIONER'S MOTION FOR SUMMARY JUDGMENT (docket #13)**

I. RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss (docket #9). If the Court accepts this recommendation, the Court should deny as moot petitioner's motion for summary judgment (docket #13).

II. REPORT:

A. *Procedural Background*

  Petitioner Ronald Banks is a state prisoner, currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. Petitioner is serving a sentence of 35-70 years' imprisonment imposed as a result of his 1981 state court convictions for armed robbery and associated firearms offenses. Petitioner's application and respondent's motion reveal the following time line of the state court proceedings:

---

[1]By Order entered this date, Nick J. Ludwick has been substituted for Mary Berghuis as the proper respondent in this action.

- Petitioner was tried and convicted by a jury in the Monroe County Circuit Court in 1981. On June 18, 1981, the court sentenced petitioner.

- Petitioner appealed as of right to the Michigan Court of Appeals. The court of appeals rejected petitioner's claims and affirmed his conviction on April 8, 1983.

- Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

- In May 1991 and February 1992, petitioner filed motions for new trial and to set aside or modify the judgment. The trial court apparently treated the motions as a motion for relief from judgment pursuant to MICH. CT. R. 6.500-.508, and denied the motions.

- Petitioner filed a motion for relief from judgment in the trial court on March 20, 2006. The trial court denied the motion on May 10, 2006, The Michigan Court of Appeals denied petitioner's application for leave to appeal this decision on December 6, 2006, and the Michigan Supreme Court denied petitioner's application for leave to appeal on May 30, 2007. *See People v. Banks*, 478 Mich. 867, 731 N.W.2d 705 (2007).[2]

On June 25, 2007, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] As grounds for the writ, petitioner contends that he was denied his right to a speedy trial under both the Sixth Amendment and the 180 day rule of the Interstate Agreement on Detainers, and that his sentencing was improper. Respondent filed a motion to dismiss on January 11, 2008, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on February 5, 2008. Petitioner also filed a motion for summary judgment on May 12, 2008,

---

[2]Respondent's chronology is based on the state court records. As of the date of this Report, those records have not been filed with the Court. However, in most cases petitioner's own application and attached state court records support respondent's chronology, and petitioner does not dispute any of the dates set forth in respondent's motion to dismiss.

[3]Although petitioner's application is file-stamped July 6, 2007, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated June 25, 2007. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on June 25, 2007.

arguing that he is entitled to judgment based on respondent's failure to file an answer addressing the merits of his claims. For the reasons that follow, the Court should grant respondent's motion to dismiss. If the Court accepts this recommendation, the Court should deny as moot petitioner's motion for summary judgment.

B.   *Analysis*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[4]

---

[4]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

3

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Petitioner does not argue, nor do his claims themselves suggest, that any of the starting dates set forth in subparagraphs (B) through (D) are applicable here. Thus, the timeliness of petitioner's application is governed by subparagraph (A). Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, it is clear that petitioner's convictions became final before the enactment of the AEDPA. The Michigan Court of Appeals affirmed petitioner's conviction on April 8, 1983, and his conviction became final 56 days later when his time for seeking leave to appeal in the Michigan

Supreme Court expired. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his petition until June 25, 2007, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's first post-conviction motions, filed in 1991 and 1993, did not affect the limitations clock because while these motion were pending in the state courts the limitations period had not yet commenced. Petitioner's motion for relief from judgment filed in the trial court on March 20, 2006 does not toll the limitations period. At the time this motion has filed, the limitations period had been expired for close to ten years. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his motion for relief from judgment, the one-year limitation period had already expired, and thus this filing cannot serve to toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.). Accordingly, pursuant to § 2244(d)(1)(A) and §

2244(d)(2), petitioner's habeas application is untimely.

Petitioner does not contest the foregoing calculation of the limitations period. Rather, he asserts that the court should consider his claims because they have been exhausted in the state courts and raise important constitutional issues. Petitioner's argument is essentially a request for equitable tolling. To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Even assuming that petitioner could establish diligence–which is highly unlikely in light of the long, unexplained delays involved here–he does not allege that any extraordinary circumstances prevented him from timely filing his habeas application. Petitioner argues only that he is entitled to review notwithstanding his untimeliness because he raises important and meritorious constitutional claims. However, the very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc).

Although he does not explicitly so argue, petitioner also suggests that the limitations period

6

is inapplicable because his claim challenges the jurisdiction of the trial court. To the extent that petitioner is making such an argument, the claim is without merit. While it is true that, as a general matter, "[a] jurisdictional defect cannot be waived or procedurally defaulted–rather a jurisdictional defect requires reversal," *Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002) (citing *United States v. Griffin*, 303 U.S. 226, 229 (1938), there is no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of § 2244(d). On the contrary, the courts that have considered the issue uniformly have held that a "jurisdictional claim, like any other claim cognizable in a federal habeas petition pursuant to § 2254, must first be raised in state court and then presented to [a federal] court within the time limit set forth in § 2244(d)(1)." *Neal v. Kingston*, No. 05-C-443, 2007 WL 1655159, at *3 (E.D. Wis. June 5, 2007); *see also*, *Dewitt v. Warden, Lieber Correctional Inst.*, No. 9:06-1221, 2006 WL 3404753, at *4 (D.S.C. Nov. 21, 2006); *Mays v. McDonnell*, No. 2:04-cv-968, 2006 WL 2927474, at *4 (M.D. Ala. Oct. 12, 2006); *cf. Hardridge v. Dinwiddie*, No. 03-CV-395, 2006 WL 3311515, at *3 (N.D. Okla. Nov. 13, 2006).

Second, even assuming such an exception existed, it would not be applicable to petitioner's speedy trial claim. It is well established that a Sixth Amendment speedy trial claim is not jurisdictional, but is a personal claim subject to waiver and forfeiture. *See Washington v. Sobina*, 475 F.3d 162, 166 (3d Cir. 2007); *Cox v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992). Likewise, the time limits set forth in the Interstate Agreement on Detainers are non-jurisdictional rules subject to waiver, forfeiture, and extension by the trial court. *See New York v. Hill*, 528 U.S. 110, 115-18 (2000); *Reed v. Farley*, 512 U.S. 339, 342 (1994). Thus, the nature of petitioner's claim alone does not render the limitations period set forth in § 2244(d) inapplicable to his habeas application.

C.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss and should dismiss the petition. If the Court accepts this recommendation, the Court should deny as moot petitioner's motion for summary judgment.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 5/28/08

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 28, 2008.
>
> s/Eddrey Butts
> Case Manager