UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BANKS,

        Petitioner,         Case Number: 07-12821

v.         HONORABLE AVERN COHN

NICK J. LUDWICK,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

### I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Ronald Banks is a state prisoner convicted in 1981 of armed robbery and associated firearms offenses, for which he is serving a sentence of 35-70 years. Petitioner claimed he is incarcerated in violation of his constitutional rights. The matter was referred to a magistrate judge for all proceedings. Respondent filed a motion to dismiss on the grounds that the petition is barred by the one year statute of limitations. Petitioner filed a motion for summary judgment. The magistrate judge issued a report and recommendation (MJRR), recommending that Respondent's motion be granted because the petition was not timely filed and that Petitioner's motion be denied as moot. Petitioner objected. The Court adopted the MJRR over Petitioner's objections. See Order filed June 11, 2008. Petitioner seeks to appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue an order

2

granting or denying a certificate of appealability.  See Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Petitioner seeks to appeal the Court's decision concluding that the petition is time barred.  As explained in the Court's June 11, 2008 order and in the MJRR, the one year statute of limitations applies to Petitioner and Petitioner failed to timely file his petition. Moreover, Petitioner did not present any grounds for equitable tolling. Reasonable jurists would not debate this conclusion or find that the petition should proceed further. Accordingly, a COA is DENIED.

SO ORDERED.

    s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  July 7, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Ronald Banks, 225311, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 on this date, July 7, 2008, by electronic and/or ordinary mail.

    s/Julie Owens  
Case Manager, (313) 234-5160