UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD BANKS,

                 Petitioner,                        Case Number: 07-12821

v.                                      HONORABLE AVERN COHN

NICK J. LUDWICK,

                 Respondent.

_____/


**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

I.

       This is a habeas case under 28 U.S.C. § 2254 which has long since closed.  In

2007, Petitioner Ronald Banks is a state prisoner convicted in 1981 of armed robbery

and associated firearms offenses, for which he is serving a sentence of 35-70 years.

Petitioner filed a habeas petition claiming he was denied his right to speedy trial under

both the Sixth Amendment and the Interstate Agreement on Detainers, and that his

sentence was improper.  The matter was referred to a magistrate judge for all

proceedings.  Respondent filed a motion to dismiss on the grounds that the petition is

barred by the one year statute of limitations.  Petitioner filed a motion for summary

judgment.  The magistrate judge issued a report and recommendation (MJRR),

recommending that Respondent's motion be granted because the petition was not

timely filed and that Petitioner's motion be denied as moot.  Petitioner's objected to the

MJRR.  The Court adopted the MJRR, granted Respondent's motion and dismissed the

case.  <u>See</u> Order filed June 11, 2008, Doc. 17.  The Court denied a certificate of

appealability (COA).  <u>See</u> Order filed July 7, 2008, Doc. 23.  The Court of Appeals for

the Sixth Circuit also denied a COA.  <u>See</u> Doc. 24.

Now before the Court is Petitioner's motion for relief from judgment under Rule

60(b) in which he argues that the Court improperly dismissed the petition as untimely.

For the reasons that follow, the motion is DENIED.

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under

subsections (1), (2) and (3), "no more than one year after entry of the judgment or order

or the date of the proceedings."  Fed. R. Civ. P. 60(c).

III.

As an initial matter, Petitioner's motion was signed and dated on January 3,

2001, over two years after the case was closed and COAs were denied.  This is not

within a reasonable time.  The motion may be denied on this ground.

Moreover, the motion fails on the merits.  Petitioner appears to invoke subsection

(b)(6) as a ground for relief.  Relief under Rule 60(b)(6), however, requires a showing of

"extraordinary circumstances."  Petitioner's contention that the Court erred in finding the

petition time barred does not meet this description.  Petitioner presents no persuasive

arguments as to why the petition should not be time barred.  Indeed, there have been

no changes in the law which would render the petition timely.  As the magistrate judge

and the Court explained, (1) Petitioner was subject to the one year statute of limitations,

(2) he did not file the petition within one year of the AEDPA's effective date, and (3) he

was not entitled to equitable tolling.'

       SO ORDERED.


        S/Avern Cohn                    
       AVERN COHN
       UNITED STATES DISTRICT JUDGE


Dated:  January 24, 2011


I hereby certify that a copy of the foregoing document was mailed to Ronald Banks,
#225311, Puglsey Correctional Facility, 7401 E. Walton Rd., Kingsley, MI 49649 and the
attorneys of record on this date, January 24, 2011, by electronic and/or ordinary mail.


        S/Julie Owens           
       Case Manager, (313) 234-5160