UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BANKS,

        Petitioner,                  Case Number: 07-12821

v.                                          HONORABLE AVERN COHN

NICK J. LUDWICK,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. In 2007, Petitioner filed a habeas petition challenging his 1981 armed robbery and firearms convictions, claiming he was denied his right to speedy trial under both the Sixth Amendment and the Interstate Agreement on Detainers, and that his sentence was improper. The matter was referred to a magistrate judge for all proceedings. Respondent filed a motion to dismiss on the grounds that the petition is barred by the one year statute of limitations. Petitioner filed a motion for summary judgment. The magistrate judge issued a report and recommendation (MJRR), recommending that Respondent's motion be granted because the petition was not timely filed and that Petitioner's motion be denied as moot. Petitioner objected. The Court adopted the MJRR, granted Respondent's motion and dismissed the case. See Order filed June 11, 2008, Doc. 17. The Court denied a certificate of appealability (COA). See Order filed July 7, 2008, Doc. 23. The Court of Appeals for the Sixth Circuit also denied a COA. See Doc. 24.

On January 7, 2011, Petitioner filed a motion for relief from judgment under Rule

60(b) in which he argued that the Court improperly dismissed the petition as untimely. Doc. 25. The Court denied the motion. See Order filed January 24, 2011, Doc. 26. Petitioner filed a notice of appeal. Doc. 27. On February 22, 2011, Petitioner filed another motion for relief from judgment, Doc. 29, which the Court also denied in an order dated March 2, 2011. Doc. 31.

## II.

Before Petitioner can appeal the Court's decisions denying his motions[1] under Rule 60(b), a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

---

[1] As noted above, Petitioner filed two motions entitled motions for relief from judgment (Docs. 25 and 29). Although Petitioner filed a notice of appeal from the denial of the first motion, this order is intended to apply to appeal from the denial of both motions for relief from judgment.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having carefully reviewed the file, for all the reasons stated in the January 24, 2011 and March 2, 2011 orders, reasonable jurists would not debate whether Petitioner's Rule 60(b) motion deserves to proceed further or that the Court otherwise erred in denying the motion. Accordingly, a COA is DENIED.

SO ORDERED.


Dated: July 1, 2011                    S/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE

**07-12821 Banks v. Ludwick**
**Order Denying Certificate of Appealability**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to Ronald Banks, #225311, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, July 1, 2011, by electronic and/or ordinary mail.

                                    S/Julie Owens
                                  Case Manager, (313) 234-5160