UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BANKS,

       Petitioner,            Case Number: 07-12821

v.                              HONORABLE AVERN COHN

NICK J. LUDWICK,

       Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**
**(Doc. 34)**
**AND DENYING A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. In 2007, Petitioner filed a habeas petition challenging his 1981 armed robbery and firearms convictions, claiming he was denied his right to speedy trial under both the Sixth Amendment and the Interstate Agreement on Detainers, and that his sentence was improper.

Before the Court is Petitioner's motion for relief from judgement under Fed. R. Civ. P. 60(b). As will be explained, this is Petitioner's third motion filed under Rule 60(b). Like the first and second motions, this motion will also be denied. A certificate of appealability will also be denied.

II. Background

Upon the filing of the petition, the case was referred to a magistrate judge for all proceedings. Respondent filed a motion to dismiss on the grounds that the petition is

barred by the one year statute of limitations. Petitioner filed a motion for summary judgment. The magistrate judge issued a report and recommendation (MJRR), recommending that Respondent's motion be granted because the petition was not timely filed and that Petitioner's motion be denied as moot. Petitioner objected. The Court adopted the MJRR, granted Respondent's motion and dismissed the case. See Order filed June 11, 2008, Doc. 17. The Court denied a certificate of appealability (COA). See Order filed July 7, 2008, Doc. 23. The Court of Appeals for the Sixth Circuit also denied a COA. See Doc. 24. Thereafter

On January 7, 2011, Petitioner filed his first motion for relief from judgment under Rule 60(b) in which he argued that the Court improperly dismissed the petition as untimely. Doc. 25. The Court denied the motion for lack of merit. See Order filed January 24, 2011, Doc. 26. Petitioner filed a notice of appeal. Doc. 27.

On February 22, 2011, Petitioner filed a second motion for relief from judgment. Doc. 29. The motion appeared to be the same motion filed in January except that the motion contained attachments, including a copy of the Court's order denying the original motion. The Court denied the motion. See Order filed march 2, 2011. Doc. 31.

On July 1, 2011, the Court denied a certificate of appealability. See Doc. 32.

### III. Discussion

Petitioner's current 60(b) motion presents the same arguments raised in his prior two Rule 60(b) motions. The motion is DENIED for the reasons explained in the Court's January 24, 2011 order.

Before Petitioner can appeal the Court's decisions denying his motion under Rule 60(b), a certificate of appealability (COA) must issue. See United States v. Hardin, 481

F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S.Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'"

Having carefully reviewed the file, for all the reasons stated in the January 24, 2011 and March 2, 2011 orders, reasonable jurists would not debate whether

**07-12821 Banks v. Ludwick**
**Order Denying Motion for Relief from Judgment**

Petitioner's Rule 60(b) motion deserves to proceed further or that the Court otherwise erred in denying the motion.

SO ORDERED.


Dated: August 9, 2011                     s/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to Ronald Banks, 225311, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, August 9, 2011, by electronic and/or ordinary mail.

                                           s/Julie Owens
                                          Case Manager, (313) 234-5160