UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BANKS,

        Petitioner,                          Case Number: 07-12821

v.                                               HONORABLE AVERN COHN

NICK J. LUDWICK,

        Respondent.
_____/

**ORDER
DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Doc. 62)
AND DENYING A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. In 2007, Petitioner filed a habeas petition challenging his 1981 armed robbery and firearms convictions, claiming he was denied his right to speedy trial under both the Sixth Amendment and the Interstate Agreement on Detainers, and that his sentence was improper. In 2008, the Court dismissed the petition as untimely.

Before the Court is Petitioner's motion for relief from judgement under Fed. R. Civ. P. 60(b). As will be explained, this is one of several motions for relief from judgment filed in this case. The motion will be denied. A certificate of appealability will also be denied.

II. Background

Upon the filing of the petition, the case was referred to a magistrate judge for all proceedings. Respondent filed a motion to dismiss on the grounds that the petition is barred by the one year statute of limitations. Petitioner filed a motion for summary

judgment. The magistrate judge issued a report and recommendation (MJRR), recommending that Respondent's motion be granted because the petition was not timely filed and that Petitioner's motion be denied as moot. Petitioner objected. The Court adopted the MJRR, granted Respondent's motion and dismissed the case. See Order filed June 11, 2008. (Doc. 17). The Court denied a certificate of appealability (COA). See Order filed July 7, 2008. (Doc. 23). The Court of Appeals for the Sixth Circuit also denied a COA. (Doc. 24).

### III.  Motions for Relief from Judgment

Almost three years after the denial of his petition, Petitioner began filing motions for relief from judgment. On January 7, 2011, Petitioner filed his first motion for relief from judgment under Rule 60(b) in which he argued that the Court improperly dismissed the petition as untimely. (Doc. 25). The Court denied the motion for lack of merit. See Order filed January 24, 2011 (Doc. 26). Petitioner filed a notice of appeal. (Doc. 27).

On February 22, 2011, Petitioner filed a second motion for relief from judgment. (Doc. 29). The motion appeared to be the same motion filed in January except that the motion contained attachments, including a copy of the Court's order denying the original motion. The Court denied the motion. See Order filed March 2, 2011. (Doc. 31). On July 1, 2011, the Court denied a certificate of appealability. (Doc. 32).

On August 3, 2011, Petitioner filed his third 60(b) motion, again presenting the same arguments raised in his prior two Rule 60(b) motions. (Doc. 34). On August 9, 2011, the Court denied the motion and a certificate of appealability. (Doc. 35).

Meanwhile, on August 31, 2011, the Sixth Circuit denied Petitioner a certificate of appealability as to his first motion for relief from judgment (Doc. 25), finding that

2

Petitioner failed to show that reasonable jurists would debate whether the petition was timely filed. (Doc. 37).

Then, on November 4, 2011, Petitioner filed a fourth motion under Rule 60(b), again contending that the Court erred when it dismissed his habeas petition as untimely. (Doc. 38). On November 22, 2011, the Court denied the motion. (Doc. 40). Petitioner filed a notice of appeal. (Doc. 42). The appeal is pending.

Petitioner then filed three more motions for relief from judgment which were essentially duplicative of all of the prior motions for relief from judgment. The motions were filed on December 14, 2012, January 3, 2012, and January 20, 2012. See Docs. 51, 54, 60. The Court denied the motions as moot in orders filed December 22, 2012, January 11, 2012, and January 26, 2012. See Docs. 53, 59, 61. Petitioner filed a notice of appeal from the Court's December 22, 2012 order. (Doc. 56). The appeal is pending.

On March 9, 2012, Petitioner filed another motion for relief from judgment which is before the Court.

## IV.  Discussion

In the current motion, unlike his prior motions for relief from judgment which challenged the dismissal of his habeas petition for various reasons, Petitioner says that the Court erred in its order of January 11, 2012 (Doc. 59), which denied his January 3, 2012 motion for relief from judgment (Doc. 54) as moot. As best as can be gleaned, Petitioner says that the January 11, 2012 order was "not a written order" signed by the undersigned. Petitioner is mistaken. The January 11, 2012 order, as well as all of the orders entered in the case, are proper orders. There are no grounds for Rule 60(b)

relief.  The motion is DENIED.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue.  See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)).  Reasonable jurist would not debate whether Petitioner's 60(b) motion deserves to proceed further.  Accordingly, a COA is DENIED.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000).

Petitioner is also advised that because he currently has an appeal pending from the Court's November 22, 2011 denial of his fourth motion for relief from judgment and an appeal pending from the Court's December 22, 2012 order denying another motion for relief from judgment as moot, there is no need for further motions to be filed in this court.  Relief, if any, lies with the Court of Appeals.

SO ORDERED.


Dated:  March 15, 2012          s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to Ronald Banks, 225311, Pugsley Correctional Facility, 7401 East Walton Road, Kingsley, MI 49649 and the attorneys of record on this date, March 15, 2012, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                Case Manager, (313) 234-5160